# FEDERMAN & SHERWOOD
(An Association of Attorneys and Professional Corporations)

10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telehone: (405) 235-1560
Facsimile: (405) 239-2112

212 W. Spring Valley Road
Richardson, Texas 75081
Telephone: (214) 696-1100
Facsimile: (214) 740-0112

Reply To: **Oklahoma City, OK**

March 4, 2020

**Via ECF**

Hon. Jesse M. Furman
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007
(212) 805-0282

  Re: *Wiley v. Altice USA, Inc.*, No. 1:20-cv-01297 (JMF)
    *Hellyer v. Altice USA, Inc.* No. 1:20-cv-01410 (JMF)

Dear Judge Koeltl:

  We represent Plaintiff Brittany Wiley, individually and on behalf of the putative class, in the above-referenced matter. This letter responds to the letter brief filed by Defendant Altice USA, Inc. ("Altice") on March 2, 2020, in response to this Court's February 24, 2020 Order (20-Civ-1297, Dkt. #6). We support consolidation of these nearly identical actions. Defendant's concerns regarding consolidation are minor and will be fully resolved by a consolidated complaint, in which the undersigned intends to add multiple additional named plaintiffs who have no arbitration agreements with Altice. Defendant likely will not oppose this, as it is standard to do in cases of this type.

  Altice's negligent and unlawful failure to protect its current and former employees' personal information resulted in a significant number of individuals whose personal information was stolen and who are now experiencing, or are at imminent risk of, identity theft. We represent many impacted individuals, including many who, apparently like Plaintiff Edward Hellyer, were not forced to sign arbitration agreements by Altice or its predecessors.

  Aside from the alleged arbitration agreement that Altice claims it forced Wiley to sign, Altice mentions no factual differences or differences in procedural posture between the pending two actions. That is because there are none. To delay consolidation would simply prolong the litigation and slow the inevitable relief that Altice owes to the class of current and former employees.

**Federman & Sherwood**
March 4, 2020
Page 2

      For these reasons, we respectfully submit that the Court's initial inclination remains correct: These cases belong together. We appreciate the opportunity to clarify the issues raised in Altice's letter brief and are willing to answer any questions the Court may have.

                                                   Respectfully submitted,

                                          */s/ William B. Federman*
                                          William B. Federman

CC: Counsel of Record (via ECF)