```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
NEVILLE MCFARLANE et al., *individually and on*                      :
*behalf of all others similarly situated*,                           :
                                                                     :
                                  Plaintiffs,                        :    20-CV-1297 (JMF)
                                                                     :
              -v-                                                    :    ORDER
                                                                     :
ALTICE USA, INC.,                                                    :
                                                                     :
                                  Defendant.                         :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      In an Opinion and Order issued on March 8, 2021, the Court held that the Arbitration Provision at issue in Altice's motion to compel "does not apply to Plaintiffs' claims to the extent that they lack any nexus to the cable service agreement — that is, to the extent that they are not brought by Plaintiffs in their capacities as current or former Altice *subscribers*." *McFarlane v. Altice USA, Inc.*, No. 20-CV-1297 (JMF), 2021 WL 860584, at *9 (S.D.N.Y. Mar. 8, 2021) (ECF No. 58). Because Plaintiffs' submissions were somewhat ambiguous as to whether they brought any claims in that capacity, however, *see id.*; ECF No. 30, the Court gave Plaintiffs an opportunity to amend their complaint "to make clear that their claims arise from their employment at Altice and not their cable service, and to remove any allegations and claims suggesting otherwise," *id.* (internal quotation marks and citation omitted). In the Second Amended Complaint filed on March 29, 2021, Plaintiffs did just that. *See* ECF No. 59.

      In its response, Altice largely does not dispute that Plaintiffs' Second Amended Complaint clarifies that they bring claims solely in their capacity as current and former employees. *See* ECF No. 67. Instead, Altice re-briefs the question of the Arbitration Provision's enforceability as to such claims, which the Court squarely settled in its prior Opinion and Order. The invitation to file a supplemental brief was not an opportunity for a second bite at that apple, but rather was directed at the implications of any amendment in light of the Court's holding. *See McFarlane*, 2021 WL 860584, at *9. The only reference in Altice's brief to the relevant issue is in a footnote pointing out that Plaintiffs' proposed class does not expressly exclude non-employee subscribers. *See* ECF No. 62 at 1 n.2. The Court will not consider an argument made only in a footnote. And, in any event, the definition of the class can and will be addressed at the class certification stage. Accordingly, and for the reasons set forth in the Court's prior Opinion and Order, Altice's motion to compel arbitration, ECF No. 47, is DENIED in its entirety.

      SO ORDERED.

Dated: April 15, 2021  
       New York, New York

                                                            _____  
                                                            JESSE M. FURMAN  
                                                           United States District Judge