UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
NEVILLE MCFARLANE et al.,                                            :
:
                 Plaintiffs,                                           :
:     20-CV-1297 (JMF)
       -v-                                                           :
:     ORDER
ALTICE USA. INC.,                                                    :
:
                 Defendant.                                            :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On April 27, 2022, Plaintiffs moved for preliminary approval of a proposed class action settlement. *See* ECF No. 87. On May 2, 2022, however, the Court ordered the parties to submit supplemental briefing addressing the question of standing — in particular, whether this Court's decision in this case, *McFarlane v. Altice USA, Inc.*, 524 F. Supp. 3d 264 (S.D.N.Y. 2021), and the Second Circuit's decision in *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295 (2d Cir. 2021), remain good law after *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *See* ECF No. 90. Upon review of Plaintiffs' submission, *see* ECF No. 91, and the cases cited therein, the Court is persuaded that it has jurisdiction to consider the settlement. At a minimum, the Court concludes that, unless and until the Second Circuit *itself* says otherwise, *McMorris* remains the binding law in this Circuit because *Ramirez* did not necessarily "so undermine[] [*McMorris*] that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted); *see also Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003) (noting that district courts and the Second Circuit itself are "required to follow" a Second Circuit decision, even if it is in "tension" with subsequent

Supreme Court precedent, "unless and until that case is reconsidered by [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision"). In light of that, and the fact that this Court's analysis of Plaintiffs' standing in its earlier opinion was consistent with the Second Circuit's analysis in *McMorris*, the Court concludes that Plaintiffs have standing and that the Court may review the parties' proposed settlement.[1]

Accordingly, the Court will review the motion for preliminary approval and enter an order in due course. To that end, Plaintiffs shall promptly submit by email to the Court a Microsoft Word version of their Proposed Order. *See* ECF No. 87-1.

SO ORDERED.

Dated: June 13, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] It goes without saying that if the Supreme Court or Second Circuit issues a decision before the fairness hearing that casts doubt on the Court's jurisdiction, the Court can and will revisit the issue again.