UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEVILLE MCFARLANE, DEANNA COTTRELL, EDWARD HELLYER, CARRIE MASON-DRAFFEN, HASEEB RAJA, RONNIE GILL, JOHN FRONTERA, SHARIQ MEHFOOZ, and STEVEN PANICCIA, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>ALTICE USA, INC., a New York Corporation,<br><br>     Defendant. | Lead Case No. 20-CV-1297-JMF<br>(consolidated with 20-CV-1410-JMF) |

**ORDER GRANTING PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM</u>**

WHEREAS, a class action is pending before the Court entitled *McFarlane v. Altice USA, Inc.*, No. 1:20-cv-01297-JMF (S.D.N.Y.) (the "Action");

WHEREAS, Plaintiffs Neville McFarlane, DeAnna Cottrell, Edward Hellyer, Carrie Mason-Draffen, Haseeb Raja, Ronnie Gill, John Frontera, Shariq Mehfooz, and Steven Paniccia (collectively, "Plaintiffs" or "Class Representatives"), for themselves and on behalf of the Settlement Class, and Defendant Altice USA, Inc. ("Altice" or "Defendant," and together with Plaintiffs, the "Parties"), have agreed to settle Plaintiffs' claims related to an incident in which an unauthorized third party gained access to certain Altice employees' Personal Identifying Information through a phishing incident (the "Data Security Incident");

WHEREAS, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

WHEREAS, the Parties reached a settlement as a result of extensive arm's length negotiations between the Parties and their counsel, occurring over the course of a number of months and a full-day mediation with JAMS mediator Bruce Friedman; and

WHEREAS, the Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Altice for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiffs seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2. The Court finds that, based on binding Second Circuit law, it has jurisdiction over the subject matter of the Action, the Plaintiffs, the Settlement Class Members, and Altice, and venue is proper in this District.

Settlement Class Certification

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Settlement Class consisting of the following:

> **Settlement Class:** All current and former employees of Altice USA, Inc. and its subsidiaries or predecessor companies Cablevision and Suddenlink in the United States and its Territories who received a Notification Letter stating that their personally identifiable information ("PII") may have been compromised during the Data Security Incident.

4. Excluded from the Settlement Class are Altice's trustees, administrators, and attorneys; all Settlement Class Members who timely and validly submit a Request for Exclusion; the Judge(s) or Magistrate Judge(s) to whom the Action is assigned and any member of those Judges' staffs or immediate family members; any members or employees of Defendant's Counsel; and any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

5. The Court hereby appoints Plaintiffs Neville McFarlane, DeAnna Cottrell, Edward Hellyer, Carrie Mason-Draffen, Haseeb Raja, Ronnie Gill, John Frontera, Shariq Mehfooz, and Steven Paniccia as Class Representatives.

6. The Court hereby appoints William B. Federman and A. Brooke Murphy of Federman & Sherwood as Class Counsel.

Preliminary Approval

7. Plaintiffs have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Altice. The Court, having read and considered the Settlement Agreement, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 21 of this order.

8. The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Altice. The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objectives

of the class action, and provides beneficial relief to the Settlement Class. The Court also preliminarily finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of JAMS mediator Bruce Friedman; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Altice.

<u>Notice and Administration</u>

9. KCC Class Action Services, LLC is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

10. The Court finds that the Notice Program and all forms of Class Notice as set forth in the Settlement Agreement and Exhibits 2-3 thereto is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the Settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

11. The Court thus hereby approves the Notice Program, including the proposed Notice documents attached as Exhibits 2-3 to the Settlement Agreement. The Court also approves the plan for Claims administration, including the Claim Form attached as Exhibit 4 to the Settlement Agreement. The Parties may, by agreement, revise the Class Notice or Claim Form documents in

ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

12. Pursuant to the Settlement Agreement and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, the Settlement Administrator will provide Class Notice pursuant to the Notice Program as follows:

a. The Settlement Administrator, within thirty (30) days after the entry of the Preliminary Approval Order or as soon thereafter as is feasible for the Settlement Administrator (the "Class Notice Date"), shall mail a copy of the Postcard Notice via United States Postal Services ("USPS") first class mail to all Settlement Class Members for whom Altice can ascertain a mailing address from its records with reasonable effort.

b. For Settlement Class Members for whom Altice is not able to ascertain a mailing address from its records with reasonable effort, the Settlement Administrator shall use reasonable efforts to identify a mailing address and mail a copy of the Postcard Notice to such address.

c. For any Postcard Notices that are returned undeliverable, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses and resend the Postcard Notice to the extent updated addresses are identified. The Settlement Administrator need make only one attempt to resend any Postcard Notices that are returned as undeliverable.

d. By the Class Notice Date, the Settlement Administrator shall post the Detailed Notice on the Settlement Website in accordance with the requirements set forth in the Settlement Agreement.

  e.  Thirty (30) days prior to the Claims Deadline, the Settlement Administrator will mail a reminder postcard to all Settlement Class Members for whom Claim Forms have not yet been received.

13. All Settlement Class Members are eligible to enroll in three (3) years of the Identity Theft Protection and Credit Monitoring Package, free of charge to the Settlement Class Member, in accordance with the terms of the Settlement Agreement. The Settlement Class Members will have 120 days from the date that the Settlement is granted preliminary approval (the "Enrollment Period") to enroll in the Identity Theft Protection and Credit Monitoring Package.

14. Settlement Class Members who wish to receive monetary benefits under the Settlement Agreement must complete and submit a valid Claim Form seeking reimbursement for documented Out-of-Pocket Expenses that have not been reimbursed or are otherwise unreimbursable through other reasonable means and/or compensation for time the Settlement Class Member attests was spent responding to or addressing issues relating to the Data Security Incident. Settlement Class Members who provide an attestation establishing that they spent at least three (3) hours responding to the Data Security Incident may opt to enroll in an Extended Identity Theft Protection and Credit Monitoring Package for an additional two (2) years of identity theft protection. Settlement Class Members who opt to enroll in the Extended Identity Theft Protection and Credit Monitoring Package are not eligible for monetary compensation for Time Spent. All Claim Forms must be postmarked or received by the Settlement Administrator no later than 75 days after the Class Notice Date.

15. Within ten (10) days of the filing of the Settlement Agreement with the Court, the Settlement Administrator, on Defendant's behalf, shall serve or cause to be served notice of the

proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. §1715, et seq.

Exclusion

16.Settlement Class Members who wish to exclude themselves from the Settlement Class for purposes of this Settlement may do so by submitting a Request for Exclusion to the Settlement Administrator no later than 45 days after the Class Notice Date. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement.  Each Settlement Class Member desiring to exclude himself or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the Class Notice. The Request for Exclusion shall (i) state the Settlement Class Member's full name and current address, (ii) be personally signed, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class.  Only one individual may be excluded from the Settlement Class per each written notification or exclusion form.  No group opt-outs from the Settlement Class shall be permitted.

17.Any member of the Settlement Class who timely submits a Request for Exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement.  Settlement Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the Settlement Agreement and the final judgment.

Objections

18.Any Settlement Class Member who has not timely filed a Request for Exclusion may object to the granting of final approval of the settlement.  Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

19.     Any written objection to the Settlement must include: (i) the objector's full name, current address, current telephone number, and personal signature; (ii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Class Notice he or she received; (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (iv) copies of any documents that the objector wishes to submit in support of his/her position; (v) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing; (vi) whether the objecting Settlement Class Member is represented by counsel and if so, the name, address, and telephone number of his/her counsel; and (vii) all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement, including the case name, court, and docket number for each. Objections must be filed or postmarked no later than 45 days following the Class Notice Date.

20.     Any member of the Settlement Class who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

Fairness Hearing

21.     A "Final Approval Hearing" shall be held before this Court on October 7, 2022 at 2:45 p.m.  Unless and until the Court orders otherwise, the conference will be held remotely by telephone in accordance with Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with a list of counsel who may speak during the

teleconference and the telephone numbers from which counsel expect to join the call. After receiving that email, the Court will provide the parties with the call-in information for counsel with speaking roles. All others — counsel who will not have speaking roles and members of the public — may listen to the conference by calling the Court's dedicated conference call line at (888) 363-4749 and using access code 542-1540 followed by the pound (#) key.  At the conference, the Court will consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a Service Award to the Class Representatives and in what amount. The Court may convert the Final Approval Hearing to an in-person proceeding or reschedule the Final Approval Hearing without further notice to Settlement Class Members.

22. By no later than 14 days prior to the Objection Deadline, Class Counsel shall file with the Court a motion supporting the Class Counsels' Fees and Expenses and requested Service Awards.

23. Papers in support of final approval of the Settlement Agreement shall also be filed with the Court no later than 14 days prior to the Objection Deadline or 21 days prior to the Final Approval Hearing, whichever comes first.

<u>Miscellaneous Provisions</u>

24. To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Class Representatives from pursuing all other proceedings in any state or

federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

25. Settlement Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

26. All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

27. In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on April 27, 2022, in accordance with this paragraph.  Neither party, nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

28. The pretrial conference scheduled for June 30, 2022, is adjourned *sine die*.

29. The Clerk of Court is directed to terminate ECF No. 87.

**IT IS ORDERED.**

Dated: June 21, 2022
New York, New York

**Hon. Jesse M. Furman**
**United States District Judge**