UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEVILLE MCFARLANE, DEANNA COTTRELL, EDWARD HELLYER, CARRIE MASON-DRAFFEN, HASEEB RAJA, RONNIE GILL, JOHN FRONTERA, SHARIQ MEHFOOZ, and STEVEN PANICCIA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ALTICE USA, INC., a New York Corporation,<br><br>　　　　　　Defendant. | Lead Case No. 20-CV-1297-JMF<br>(consolidated with 20-CV-1410-JMF) |

**ORDER FOR FINAL JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Final Approval of Class Action Settlement and Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Awards to Class Representatives. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

　　　1.　　For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

　　　2.　　The Court has jurisdiction over the subject matter of the litigation, Plaintiffs Neville McFarlane, DeAnna Cottrell, Edward Hellyer, Carrie Mason-Draffen, Haseeb Raja, Ronnie Gill,

John Frontera, Shariq Mehfooz, and Steven Paniccia, the Settlement Class Members, and the Defendant, Altice USA, Inc., (collectively the "Settling Parties").  *See* ECF No. 93.

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

   a. the Class is so numerous that joinder of all members is impracticable;

   b. there are questions of law or fact common to the Class;

   c. the claims of Plaintiffs are typical of the claims of the Class;

   d. Plaintiffs will fairly and adequately protect the interests of the Class;

   e. questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and,

   f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All current and former employees of Altice USA, Inc. and its subsidiaries or predecessor companies Cablevision and Suddenlink in the United States and its Territories who received a Notification Letter stating that their PII may have been compromised during the Data Security Incident.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are certified as the Class Representatives, and William B. Federman and A. Brooke Murphy from Federman & Sherwood are certified as Class Counsel.

6. The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Postcard Notice to be sent by physical mail were disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Detailed Notice, the Claim Forms, and the Settlement Website complied with this Court's Preliminary Approval Order.

8. The Court finds and concludes that the Postcard Notice, Detailed Notice, the Claim Forms, the Settlement Website, and all other aspects of the Notice Program, opt-out, and claims submission procedures set forth in the Settlement Agreement fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class.

9. In accordance with Federal Rule of Civil Procedure 23, excluded from the Settlement Class are the following persons who timely and validly requested exclusion pursuant to the procedures established by the Settlement Agreement and this Court: Philip Michael D'Abbraccio, Axel Rivas Vicioso, Stephen E. O'Rourke, Sylvia L. Ortega, and Sherry Odorizzi.. These Persons will not be bound by the terms of the Settlement Agreement.

10. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settling Parties.

11. The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

12. The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the releases of the Released Claims, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settling Parties. The Parties are directed to perform

in accordance with the terms set forth in the Settlement Agreement.  However, without seeking further Court approval, the Settling Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

13. By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14. This action is dismissed with prejudice. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

15. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Parties may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Settling Parties shall return to the status quo ante in the litigation as it existed on April 27, 2022, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17. Upon consideration of Plaintiffs' Motion for Award of Attorneys' Fees and Costs, the Motion is GRANTED. Consistent with Section III.G of the Settlement Agreement, Defendant shall pay Class Counsel a $550,000 in attorneys' fees *and* litigation expenses, consistent with the terms of the Settlement Agreement. Per the Settlement Agreement, this award shall be paid separately and exclusively by Altice and shall not in any way reduce the benefits made available to Settlement Class Members. In making this award, the Court has considered and found that:

   a. The Notice Program advised that Class Counsel would seek an award of attorneys' fees and litigation expenses of no more than $550,000, which, if approved by the Court, Defendant agreed to pay separately;

   b. This action involves complex factual and legal issues, was actively prosecuted, and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

   c. William B. Federman and A. Brooke Murphy of Federman & Sherwood skillfully and zealously pursued this action on behalf of the Class Representatives and the Class;

   d. The hourly rates charged by Class Counsel are reasonable;

   e. Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from Defendant; and

   f. The amount of attorneys' fees awarded here is consistent with awards in similar cases.

  18. Upon consideration of Plaintiffs' Motion for Service Awards to Class Representatives, the request is GRANTED.  Consistent with the terms of Section III.F of the Settlement Agreement, Defendant shall pay Plaintiffs Service Awards in the amount of $2,750 each.  Per the Settlement Agreement, these Service Awards shall be in addition to the other benefits provided by the Settlement to Settlement Class Members and shall be paid separately by Altice and will not reduce Settlement benefits to Settlement Class Members.

  19. Each and every Settlement Class Member, Releasing Party, and any Person actually or purportedly acting on behalf of any Settlement Class Member or Releasing Party, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

  20. This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the

Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

21. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

22. There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed. The Clerk of Court is further directed to terminate ECF Nos. 95 and 96 and to close the case.

**IT IS ORDERED.**

Dated: October 7, 2022
New York, New York

**Hon. Jesse M. Furman**
**United States District Judge**